# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **EDMUND BRYAN HEIMLICH** | § § | |
| **V.** | § § | A-19-CV-437-RP |
| **THE STATE OF TEXAS, et al.** | § § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:    THE HONORABLE ROBERT PITMAN
          UNITED STATES DISTRICT JUDGE

Before the Court is Edmund Bryan Heimlich's Complaint (Dkt. No. 1) and Application to Proceed *In Forma Pauperis* (Dkt. No. 2). The District Court referred the above-motion to the undersigned Magistrate Judge for a determination pursuant to 28 U.S.C. § 636(b) and Rule 1(c) of Appendix C of the Local Rules.

## I. APPLICATION TO PROCEED *IN FORMA PAUPERIS*

After reviewing Heimlich's Application to Proceed *In Forma Pauperis*, the Court finds that he is indigent. Accordingly, the Court **HEREBY GRANTS** Heimlich's *in forma pauperis* status and **ORDERS** his Complaint be filed without pre-payment of fees or costs or giving security therefor pursuant to 28 U.S.C. § 1915(a)(1). This indigent status is granted subject to a later determination that the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e). Heimlich is further advised that although he has been granted leave to proceed *in forma pauperis*, a Court may, in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

As stated below, this Court has conducted a review of the claims made in Heimlich's Complaint and is recommending his claims be dismissed under 28 U.S.C. § 1915(e). Therefore, **service upon the Defendants should be withheld** pending the District Court's review of the recommendations made in this report. If the District Court declines to adopt the recommendations, then service should be issued at that time upon the Defendants.

## II. SECTION 1915(e)(2) FRIVOLOUSNESS REVIEW

**A.    Standard of Review**

Because Heimlich has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review his Complaint under §1915(e)(2), which provides in relevant part that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

Pro se complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). The court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996); *see also Watts v. Graves*, 720 F.2d 1416, 1419 (5th Cir. 1983). In deciding whether a complaint states a claim, "[t]he court's task is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). "A claim has facial plausibility when the [nonmovant] pleads factual content that allows the court to draw the reasonable inference that the [movant] is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more

than a sheer possibility that a defendant has acted unlawfully." *Id.* However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. Mbank Houston N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

**B.    Analysis**

Heimlich is suing the State of Texas "by and through" Texas Senator Juan Hinojosa, requesting the Court to Order Juan Hinojosa to amend Senate Bill 2080 to include a line item appropriating $1,593,000 for the payment of restitution allegedly due to Heimlich. Heimlich asserts he has a Final Judgment entered by a state court district judge on October 3, 2005, in the principal amount of $660,605.74 due to him from the State of Texas (presumably the difference between this amount and the larger amount addressed in the complaint is attributable to post-judgment interest). Heimlich seems to assert that the failure to appropriate this money constitutes a violation of the Takings Clause of the United States Constitution. It also appears he asserts a Due Process violation based upon the state courts' application of the statute in his case. Heimlich maintains he is entitled to injunctive relief as he will suffer irreparable injury if he does not receive this money, as he is older, unemployed, and has not worked because he has spent his energy attempting to collect from the State of Texas. He also requests habeas corpus relief.[1]

Under the Eleventh Amendment, a state may not be sued in federal court unless it consents to suit or unless Congress, pursuant to a valid exercise of its power, abrogates the state's immunity.

---

[1] Because Heimlich is not in custody and has not been in custody, habeas relief in unavailable to him. *See Zolicoffer v. U.S. Dep't of Justice*, 315 F.3d 538, 540 (5th Cir. 2003) (finding that in order for a court to have habeas jurisdiction, the petitioner must be "in custody" when he or she files the petition).

*Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99–100 (1984). Eleventh Amendment immunity extends to state agencies and to state officials if the relief sought would operate against the state. *Id.* at 101. Heimlich sues the State of Texas and Texas Senator Juan Hinojosa in his official capacity. Hinojosa is entitled to Eleventh Amendment immunity from the official capacity claim because "the state is the real, substantial party in interest." *Pennhurst*, 465 U.S. at 101; *Union Pac. R. Co. v. Louisiana Pub. Serv. Comm'n*, 662 F.3d 336, 340 n.3 (5th Cir. 2011) (per curiam). Accordingly, absent Texas's consent, Congress's abrogation of the immunity, or the suit falling within the *Ex Parte Young* exception, Heimlich's suit is barred by the Eleventh Amendment.

The *Ex Parte Young* exception applies to cases seeking prospective injunctive or declaratory relief against a state official. *Ex Parte Young*, 209 U.S. 123 (1908). Heimlich attempts to posit his suit as one seeking prospective injunctive relief, contending that he is asking the Court to enter an affirmative injunction requiring the Texas Legislature to pass a particular version of the SB 2080, which is an appropriations statute. *Ex Parte Young* only permits "prospective injunctive relief to prevent a continuing violation of federal law" against state officers in their official capacities and does not allow damages or other retrospective relief. *Green v. Mansour*, 474 U.S. 64, 68 (1985). While Heimlich purports to only request injunctive relief, in reality he is requesting that the Court order the State to pay him monetary damages. Thus, the exception to Eleventh Amendment immunity under *Ex Parte Young* is unavailable to him. *Clay v. Texas Women's Univ.*, 728 F.2d 714, 716 (5th Cir. 1984) ("An award by a federal court of . . . damages, payable from the state treasury, is prohibited by the eleventh amendment").

Even if Heimlich were able to find a way around his Eleventh Amendment problem, he would still not be able to state a claim. To state a claim for a constitutional violation under 42

U.S.C. § 1983, "a plaintiff must: (1) allege a violation of rights secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Leffall v. Dall. Indep. Sch. Dist.*, 28 F.3d 521, 525 (5th Cir. 1994). Heimlich cannot allege a violation of a constitutional right. As this court noted in a prior suit brought by Heimlich,

> Plaintiff Ed Heimlich filed this lawsuit against the State of Texas as a result of state-court case where Heimlich had been awarded a $660,605.74 judgment after trial on the merits. The judgment was subsequently reversed by the Third Court of Appeals. The Texas Supreme Court then denied Heimlich's motion for mandamus and petition for review and hearing.

*Heimlich v. State of Texas*, A-10-CV-264-LY (W.D. Tex. June 15, 2010), Dkt. No. 4. Because the judgment on which Heimlich bases his claim here was reversed, he cannot make out a takings claim.

To the extent he brings one, Heimlich's Due Process claim seems to be based upon the fact that the Texas Court of Appeals reversed the lower court's judgment in his favor because, although he was acquitted of the criminal claims against him, he was not found "actually innocent," pardoned, or granted habeas corpus relief as required to collect damages under the relevant statute. *See* TEX. CIV. PRAC. & REM.CODE § 103.001(a). But federal courts do not have subject matter jurisdiction in "cases brought by state court losers complaining of injuries caused by state court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (applying the *Rooker-Feldman* doctrine). Unsuccessful state court litigants "may not obtain review of state court actions by filing complaints about those actions in lower federal courts cast in the form of civil rights suits." *Hale v. Harney*, 786 F.2d 688, 690-91 (5th Cir. 1986). Because this court is precluded from reviewing a final state court judgment, Heimlich cannot assert a Due Process

claim challenging the Texas Third Court of Appeals' reversal of his judgment. *See Lance v. Dennis*, 546 U.S. 459, 463 (2006) (per curiam).

### III. RECOMMENDATIONS

As noted at the outset, Heimlich's request to proceed *in forma pauperis* is **GRANTED**, but service should be withheld pending the District Court's review of this recommendations. For the reasons explained above, the undersigned **RECOMMENDS** that the Court **DISMISS** Heimlich's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and **DENY** him any further relief requested.

### IV. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations he objects to. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED this 29th day of May, 2019.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE